IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUY SANCHEZ,

     Plaintiff,

     v.                                                       CIVIL NO. 08-2104 (JAG)

FERNANDO BONILLA, et al.,

     Defendants.

## REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Guy Sánchez (hereafter "plaintiff Sánchez") filed this action seeking injunctive relief and damages as stated in the Amended Complaint[1] for civil rights violations under federal and state laws.[2]  (Docket No. 5). Defendants are former Secretary of State Fernando Bonilla, the respective members of the Board of Real Estate Brokers, Salespersons and Companies, in their personal and official capacity, and the Board as a state government agency.[3]  Defendants are all being sued under Title 42, United States Code, Section 1983, for alleged violation of plaintiff Sánchez' rights, who when attempting to be certified as a *bona fide* real estate broker in the Commonwealth of Puerto Rico, was refused the corresponding examination in the English language as required by local law and

---

[1] The Second Amended Complaint filed was withdrawn and the Court ordered same to be stricken. (Docket No. 5).

[2] Plaintiff Sánchez seeks relief for violations under Title 42, United States Code, Sections 1983, 1988 and supplemental jurisdiction over state pendent claims under the Puerto Rico Constitution, Art. II §1, Law No. 100, 29 L.P.R.A. §146, et seq., and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141.

[3] The other co-defendants who are sued in their official and individual capacity are Isabel Colberg, top personal assistance to the Secretary of State, Carmen A. Carreras, Caroll Cabañas, employees of the Department of State, Juan R. Caraballo Irigoyen, Director of the Division of Real Estate in the Department of State, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, members of the Board of Real Estate Brokers, as well as some John and Jane Doe, Company ABC.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 2

regulations due to an alleged discriminatory animus. Additional claims under pendent state law were also filed against these defendants. *Amended Complaint, ¶¶1, 4-14.*

On November 14, 2008, defendants, all appearing in their official capacities, and the Puerto Rico Board of Real Estate Brokers, Salespersons and Companies, filed a Motion to Dismiss. (Docket No. 34). Plaintiff Sánchez filed a Response in Opposition (Docket No. 50). These motions were referred by the Court to this Magistrate Judge for report and recommendation. (Docket No. 65).[4]

## PROCEDURAL BACKGROUND

Plaintiff Sánchez' claims against defendants stem from a failure to administer to him on one occasion, June 27, 2007, the requested real estate broker and salesperson examination in the English language. Plaintiff Sánchez requested ten million dollars in damages and injunctive relief.

Appearing defendants, in their official capacity, are requesting dismissal on grounds the Eleventh Amendment bars claims against the Board, as an entity of the Commonwealth of Puerto Rico, and as to the individually named defendants in their official capacity for monetary claims. Defendants also request dismissal under Fed.R.Civ.P. 12(b)(6) because they consider the complaint to be legally insufficient. Insufficiency is argued in that there is an absence of a legitimate equal protection, substantive due process or privileges and immunities claim by plaintiff. Defendants aver no constitutional violation is asserted on actions described in the complaint which they consider limited to a failure to provide, by inadvertence and on one occasion, the English examination offered by the Board in the

---

[4] On May 7, 2009, plaintiff Sánchez filed a Motion in Compliance (Docket No. 71) clarifying his position after having withdrawn the Second Amended Complaint, for which the request for dismissal initially filed by defendants became ripe to be considered by this Magistrate Judge.

municipality of Guayama where the exam was being offered.  More so, since shortly thereafter, defendants state plaintiff Sánchez was offered the opportunity to take said examination anew, which he refused.  Thus, defendants submit the complaint lacks a showing of discriminatory purpose and fails to present a cause of action upon which relief can be obtained in the absence of a claim amounting to a constitutional breach.

Plaintiff Sánchez' opposition to dismissal under Fed.R.Civ.P. 12(b)(6) avers there is no heightened pleading standard for civil rights cases and the most recent case law referred by defendants of <u>Bell Atlantic Corp. V. Twombly</u>, 127 S.Ct. 1955 (2007) relates to a federal antitrust case.  Similarly, the Court of Appeals for the First Circuit in discussing its rationale following <u>Bell Atlantic</u> based its arguments on a securities law action. *See* <u>Rodríguez Ortíz v. Margo Caribe, Inc.</u>, 490 F.3d 92 (1st Cir. 2007).  Thus, plaintiff Sánchez argues none of these cases, as discussed by defendants in their motion to dismiss, apply to his civil rights claims.

### MOTION TO DISMISS STANDARD

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss.  <u>Abbott, III v. United States</u>, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1216 (1st Cir. 1996)).

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 4

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007).[5] The First Circuit has already cited to this decision and has already noted this new standard in <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* <u>Twombly</u>, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id*. at 1968, 1969.

We shall then examine under Fed.R.Civ.P. 12(b)(6) dismissal requested by defendants for failure to state a claim upon which relief can be granted as to Section 1983.

## LEGAL ANALYSIS

**A. Eleventh Amendment.**

Defendants' request for dismissal under Eleventh Amendment refers to claims against the Puerto Rico Board of Real Estate Brokers, Salespersons and Companies, (hereafter "the Board") for a civil rights violation wherein plaintiff also included state law claims.

---

[5] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. <u>Bell Atlantic</u>, 127 S.Ct. at 1974.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 5

The Eleventh Amendment states that the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. Amend. XI.  Notwithstanding its plain language, the Eleventh Amendment prohibits federal courts from hearing most suits brought against a state by citizens of that or any other state.  Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). Despite the absence of any express reference, the Eleventh Amendment pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State. De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

**1. The Board**.

The Board is a government entity of the Commonwealth of Puerto Rico which was created by law and is attached to the Puerto Rico Department of State.  20 L.P.R.A. §§3025, 3026.

Plaintiff Sánchez has agreed to voluntarily dismiss any claims against the Board as a legal entity in this case.  (Docket No. 50, Opposition, p. 21).  Since plaintiff attempted to submit a Second Amended Complaint to eliminate the Board as a party defendant, yet the Court already ordered said Second Amended Complaint to be stricken, it is now appropriate that, under the surviving Amended Complaint being considered, all claims against the Board of Real Estate Brokers, Salespersons and Companies be **DISMISSED**.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 6

### 2. Co-defendants in their Official Capacity.

Co-defendants Fernando Bonilla, Isabel Colberg, Caroll Cabañas Ríos, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Carmen Carreras and Juan R. Caraballo Irigoyen are included in the Amended Complaint for monetary damages in their official and personal capacities because of federal and state alleged violations of plaintiff Sánchez' rights.[6] Some of the co-defendants are employees of the Department of State under the former head of said department, Fernando Bonilla. Others are members of the Board.

Still, the Eleventh Amendment, absent state consent or waiver, bars awarding private parties compensatory monetary relief, punitive damages, equitable restitution, or any such retroactive remedy which may be payable from the state treasury. Edelman v. Jordan, 415 U.S. 651, 668-69 (1974); Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983).[7]

Thus, the state, the Board, and state officials, which would be Department of State employees and members of the Board, acting in their official capacity, are considered persons under Section 1983 for Eleventh Amendment purposes and they may not be sued

---

[6]  Isabel Colberg is identified as an administrative assistance to Fernando Bonilla who failed to do anything effective as to the particular situation for which it is claimed resulted in perpetrating the violation of rights claims. *Amended Complaint ¶¶ 109-110.* Colberg seemly indicated to have referred the matter to Caroll Cabañas Ríos and told plaintiff Sánchez once that the State Department could not find his application on file and had no other option than to take the exam. She could not indicate to Sánchez where the money he paid for application had been deposited and it could not be returned without an investigation. *Id. ¶¶122-123,* 126-127.  A letter written by Cabañas to plaintiff was received late.

[7]  It is well established that principles of Eleventh Amendment are fully applicable to the Commonwealth of Puerto Rico. In re San Juan Dupont Plaza Hotel Fire Litigation, 888 F.2d 940, 942 (1st Cir. 1989).

for monetary damages.[8]  In many instances, a suit against a state official is a suit against the state, thereby triggering Eleventh Amendment immunity. *See* Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005).

In view of the foregoing, co-defendants Fernando Bonilla, Isabel Colberg, Caroll Cabañas Ríos, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Juan R. Caraballo and Carmen Carreras are covered from suit in their official capacities and it is recommended the complaint filed against them for monetary relief, be **DISMISSED.**

However, the Amended Complaint also refers to injunctive relief.  Individuals in their official capacity may be sued for equitable relief without being hindered by Eleventh Amendment considerations.  Official capacity actions for prospective relief are not treated as actions against the State.  Kentucky v. Graham, 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n.4 (1985); Ex-parte Young, 209 U.S. 123, 159-160, 28 S.Ct. 441, 453-454 (1909).

Accordingly, the claims as to co-defendants Fernando Bonilla, as former head of the Department of State and/or his successor, Juan R. Caraballo Irigoyen, Carmen Carreras, Isabel Colberg, Caroll Cabañas Ríos, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán and Katherine Figueroa, as to which plaintiff Sánchez may obtain injunctive relief, in their official capacity, should survive the requested dismissal.[9]

---

[8]  A suit against a state official in his/her official capacity is not a suite against the official but rather a suit against the official's office.  As such, it is no different than a suit against the State itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

[9]  State officers do not have Eleventh Amendment immunity from claims for prospective injunctive relief since Eleventh Amendment issues arises only as to monetary relief.  Nieves-Márquez v. Puerto Rico, 353 F.3d 108 (1st Cir. 2003).

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 8

**B.  Dismissal for Failure to State a Claim.**

Insofar as the dismissal for failure to state a claim, Fed.R.Civ.P. 12(b)(6), it is hard to conceive appearing defendants were requesting dismissal solely as to official capacity defendants, and not in their individual capacities.  However, since a limited discussion was made by defendants, except for one as to civil rights claims under Section 1983, based on their entitlement to qualified immunity, defendants' arguments for dismissal are herein below similarly constricted.

The Supreme Court recently issued an opinion that changes the standard for a motion to dismiss.  It now requires a plaintiff to include more information in the pleadings so as to survive a 12(b)(6) motion.  Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1969.  Similarly, the First Circuit already cited to it and noted the new standard.  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d at 94-95.

Defendants have requested dismissal for failure to state a cause of action that would entitle plaintiff Sánchez to a relief.  The task in adjudicating a motion to dismiss for failure to state a claim is not to decide whether the plaintiff will ultimately prevail but whether he is entitled to undertake discovery in furtherance of the sufficiently pleaded claims.

Once there is a *prima facie* case of discrimination,  a defense may be adjudicated on a motion to dismiss for failure to state a claim as long as the facts establishing the defense are definitely ascertainable from the complaint and other allowable sources of information and those facts suffice to establish the affirmative defense with certitude.  Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).

A motion to dismiss is not an occasion to prove or disprove the facts in the complaint but one in which the Court assumes that all facts properly and adequately alleged in the complaint are true and makes all reasonable inferences from those facts in plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Alternative Energy, Inc. V. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (in ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint construe all reasonable inferences in favor of the plaintiff).

Defendants argue, in support of dismissal, the complaint does not state a constitutional violation.  These co-defendants discuss plaintiff Sánchez' claims under Section 1983 lacks a substantive cause of action.  They submit alleged violation of plaintiff Sánchez' equal protection upon defendants' failure to provide and administer English speaking applicants exams different than to native Spanish speaking individuals, such as one for broker's license, is not sufficiently grounded since state law has indeed provided for such examinations to be administered both in English and in Spanish, if an applicant requests it.  Law No. 10 of April 26, 1984 and Regulation No., 5567.

Defendants further submit that by inadvertence, on June 27, 2007, the Board did not take the English version of the exam to the municipality of Guayama, where it was going to be administered.  As a result, plaintiff Sánchez, as well as some other applicants, were not able to take the exam in English on said date, but were promptly offered to provide same, except for plaintiff who was the only one to decline.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 10

Defendants claim that a failure to provide one English examination to one English speaking individual, who declined to take it on another date offered, should not be indicia of a discriminatory animus nor a breach of equal protection.[10]

Defendants further argue that even an arbitrary, bad-faith denial of a benefit in derogation of state law, without more, does not suffice to cross the constitutional threshold for an equal protection claim. Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000). *See* Pagán v. Calderón, 448 F.3d 16 (1st Cir. 2006).[11] The equal protection right guaranteed under the Fourteenth Amendment of the Constitution prohibits the state from denying any person within its jurisdiction the equal protection of the laws, which has been construed as meaning that "all persons similarly situated should be treated alike".[12]

Defendants' submission is plaintiff Sánchez' claims of a violation of equal protection rest solely in that having been denied once the English language examination for realtor and/or broker was a result of invidious discrimination as result of being treated different than local Spanish speaking applications to the same exam. SFW Arecibo, Ltd. v. Rodriguez, 415 F.3d 135 (1st Cir. 2005).

Plaintiff Sánchez' opposition does not negate the initial offer to take the exam on another date, but indicates no timely notice was received as to the availability of the exam

---

[10] For purposes of injunction relief, the parties stipulated on March 2009 for plaintiff Sánchez to take the English version examination on a date agreed mutually by the parties, and are at the present time awaiting the results.

[11] The Court of Appeals for the First Circuit discussed Pagán v. Calderon as being a case analogous to cases of denials of benefits such as licenses or permits, which is the main concern raised by plaintiff Sánchez in this federal action. Pagán, 448 F.3d at 34.

[12] City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 105 S.Ct. 3249 (1985) (equal protection clauses command that no state shall deny to any person within its jurisdiction the equal protection of the laws).

for another occasion.  In his contention, the exam was initially offered without adequate prior notice and for the same date he was to board a plane to the continental United States, a non-compliance with the required timely advanced notice of state law.  Plaintiff Sánchez also submits that, when he was denied to take the exam in English on the date of the examination, he was subject of comments by the legal advisor of the Board of discriminatory nature.  Telephone calls and pledges to solve the matter were not complied by the Board or by employees of the Department of State, nor was plaintiff's written administrative complaint acknowledged, although he had a stamped and received copy.  It was not until the filing of the federal complaint that the parties stipulated to the taking of an English version examination to accommodate plaintiff Sánchez' preliminary injunction request, without requiring an additional application to be filed and payment of the corresponding fees, which had already been paid by plaintiff and not refunded.

In view of the foregoing, defendants' arguments for dismissal for failure to state a claim that would entitle plaintiff to a relief are deemed insufficient at this stage.  Accordingly, its is recommended that defendants' motion to dismiss for failure to state a claim be **DENIED**.

## C.  Qualified Immunity.

Defendants have also requested dismissal of the complaint for money damages under the doctrine of qualified immunity, although they had initially made their appearance solely in their official capacity.

The doctrine of qualified immunity protects defendants in their individual capacities from liability for money damages. "Qualified immunity shields government officials

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 12

performing discretionary functions from civil liability for money damages when their conduct does not violate 'clearly established' statutory authority or constitutional rights of which a reasonable person would have known." Nereida-González v. Tirado-Delgado, 990 F.2d 701, 704 (1ˢᵗ Cir.1993).

**1. Civil Rights Violation**.

The Section 1983 claim applicable to these defendants in their personal capacity imposes liability on officials who are acting under color of law and who infringe federally-secured rights of private parties.[13]

A violation of equal protection is found only upon a showing of a "gross abuse of power, invidious discrimination or fundamentally unfair procedures" or some sort of unjustified disparate treatment with respect to similarly situated applicants. Nestor Colón Medina & Suc., Inc. v. Custodio, 964 F.2d 32, 43 (1ˢᵗ Cir. 1992); Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n.9 (1ˢᵗ Cir. 1982).

The general test for qualified immunity is often stated as a two-part test. First, was the constitutional right in question clearly established at the time? Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034 (1987). Second, would a reasonable, similarly situated individual understand that the challenged conduct violated that established right? Swain

---

[13]    Plaintiff Sánchez' Response in Opposition to Motion to Dismiss clarified it was including co-defendant Katherine Figueroa in her official capacity solely because she was a member of the Puerto Rico Board of Real Estate Brokers, Salespersons, and Companies as of August of 2007. *Docket No. 50, p.1, n. 1.*  Similarly, in the absence of any narrative of the participation of co-defendants Victor Figueroa López, Pablo J. Claudio Pagán and Freddy Vélez Serrano, these co-defendants were seemly included in the Amended Complaint just for being members of the Board.

v. Spinney, 117 F.3d 1, 9 (1st Cir.1997). Whether a right is clearly established is an issue of law for the court. Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019 (1994); Duriex-Gauthier v. López-Nieves, 274 F.3d 4, 9 (1ˢᵗ Cir. 2001).

In plaintiff Sánchez' opposition to defendants' request for dismissal, he submits defendants are not negating the events which transpired as claimed in the Amended Complaint, only the discriminatory animus was the predicate cause of same, which rests on a credibility determination.  A motion to dismiss under Rule 12(b)(6) is not the vehicle to assess credibility, but rather to construe the allegations of the complaint in the light most favorable to the non-moving party.

Plaintiff Sánchez also refers the defendants should be considered to have had prior knowledge of similarly situated individuals being obliged to protect English-speaking real estate professionals in this jurisdiction upon claims of equal protection, due process, and civil rights claims violations.  As such, defendants were on notice of the legal framework for plaintiff's Section 1983 claims. *See* DiMarco-Zappa v. Cabanillas, 238 F.3d 25 (1ˢᵗ Cir. 2001) (determination for damages upon English version real estate examination with mathematical miscalculations and different grading considerations) ; Harris v. Rivera Cruz, 710 F.Supp. 29 (D. Puerto Rico 1989) (permanent injunction sought against real estate examining board's changing its policy of giving exam in both English and Spanish to policy of giving it only in Spanish).  The Board members for real estate examination had been since made aware by this federal court of the need not only of providing equivalent English examinations but also to ascertain that no disparate treatment is given based on impermissible classification of applicants as continental Americans.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 14

On one hand, the co-defendants were not indicated to have been parties to the previous court cases requiring them to provide an English version examination to applicants who requested same.   As to particular co-defendants Caroll Cabañas Ríos, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán and Katherine Figueroa, these co-defendants are not identified in the Amended Complaint as taking any particular discriminatory action or making any comment of a discriminatory nature against plaintiff Sánchez.

On the other hand, as to co-defendants Carmen A. Carreras and Juan R. Caraballo Irigoyen, plaintiff Sánchez has submitted in the Amended Complaint their direct participation in the allegations as depriving him of the rights under color of law.

The Amended Complaint submits Mrs. Carreras, identifying herself as the legal counsel of the Board, and Mr. Caraballo, as former Director of the Board, were personally addressed by plaintiff Sánchez to promptly remedy the failure to produce an English version examination.   They refused to take action and/or even to address the problem.   Although plaintiff Sánchez had timely requested the English exam, he was not provided with one and was escorted away from the site of examination.   *Amended Complaint ¶¶81-85.*

The Amended Complaint also attributes several comments by Mrs. Carreras to plaintiff Sánchez in the sense that "Puerto Rico was a Commonwealth and not one of the United States like Florida", to "go back to Florida" if plaintiff Sánchez did not like how things were run in Puerto Rico, that "Spanish was the official language" and that providing an exam in English was a "courtesy" and not a requirement of law.   *Id. ¶¶86-87.*

Insofar as Mr. Caraballo, then director of the division of real estate at the Department of State, although having apologized for Mrs. Carreras' actions, the Amended Complaint states Mr. Caraballo admitted to the fact there should have been an English version exam provided to plaintiff, as well as a Board member present at the time of examination. Still, thereafter Mr. Caraballo failed to take any action to correct the situation and did not return the calls to plaintiff Sánchez to promptly resolve the claimed inadvertence or omission. *Complaint ¶¶89-94.*

Plaintiff Sánchez submitted and hand-delivered a written complaint requesting a hearing from the Board because of the events that had transpired and which remained unsolved at the time. Plaintiff Sánchez was informed that Mrs. Carreras was the one responsible for reviewing and overseeing all incoming correspondence to the Board. *Id. ¶102.* Mrs. Carreras is alleged to have tossed out plaintiff Sánchez' complaint although it had been officially stamped as received by staff members of the State Department and although the Board held meetings, plaintiff Sánchez was not allowed to address the Board nor was the matter discussed in any of their meetings. *Id. ¶103.*

Up to the time of the filing of the complaint in this federal forum, no action to resolve plaintiff Sánchez' request either for reciprocity as a licensed real estate broker and salesperson in Florida nor to receive an English version examination in Puerto Rico, had been properly handled by the co-defendants who had control over the matter.

The issue of reciprocity, however, is not fully developed, making its alleged telephonic denial by the Board and/or any of its members not an issue adjunct to a constitutional violation.[14]

One member's bad motive is not imputed to a legislative body or the full board for Section 1983 liability unless plaintiff could show both bad motive on the part of at least a significant bloc of legislators and/or circumstances suggesting the probable complicity of others. *See* Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001); Scott-Harris v. City of Fall River, 134 F.3d 427, 438 (1st Cir. 1997), *rev'd on other grounds sub nom.* The Amended Complaint attributes to co-defendant Carreras, as legal advisor of the Board, and to then Director Mr. Caraballo, the exposed discriminatory actions.[15]

Hence, at least as to co-defendants Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Caroll Cabañas Rios and Isabel Colberg, in their personal capacity (other than co-defendants Ms. Carmen A. Carreras and Mr. Juan A. Caraballo Irigoyen whose direct participation is discussed above), plaintiff's Amended Complaint has not shown any conscience-shocking abuse of governmental power or bad motive or complicity with the one time denial of his English examination requests.

---

[14] Had plaintiff Sánchez attempted to establish a separate cause of action for denial of reciprocity, he would then need to establish a *prima facie* case for Section 1983 claim thereunder in that the conduct that is claimed to constitute a deprivation of a constitutional or federal statutory right must have resulted in (1) an actual deprivation of a federally protected right and a causal connection between the defendant's conduct and the deprivation of plaintiff's federal rights. Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). As drafted, the Amended Complaint includes lack of reciprocity as part of the narrative or events for the Board's denial of equal rights to English spoken individuals in providing the English version of the examination, not as a separate cause of action.

[15] In the Amended Complaint plaintiff Sánchez also attributes to co-defendant Carreras the control of all correspondence received, for which the it is claimed she tossed out the previously received and stamped complaint he had filed with the Board.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 17

As to Fernando Bonilla, the Amended Complaint refers to him being sued in his individual and official capacity for monetary compensation and injunctive relief. *Amended Complaint ¶ 4.* When plaintiff Sánchez was asking for application forms for the examination at the Department of State, he was informed by personnel therein there were no applications either in English or Spanish that day. *Id. ¶24.* All written materials and syllabus available to assist students in the examination were in Spanish and he was told to hire a translator with his own resources. *Id. ¶26.* Plaintiff Sánchez had to create his own course syllabus in English, as well as obtain copies of legislation regarding real estate law and industry in English, costing him personal time and money for the Department of State having failed to complied with the obligation to accommodate him as an English speaking individual by providing reasonable and appropriate course materials and guides for the exams in English. *Id. ¶¶ 34-37.* The materials in English that were available had been dumped in a disorganized storage area and the Department of State employees would not assist plaintiff in searching for same, having to sit in a storage area to look for the materials he needed. Amended Complaint *¶¶38-39.* Plaintiff Sánchez submits that in Puerto Rico the exam has allegedly been given in English in the past, as required by law, but the course materials and exam syllabus have never been made available in English. *Id. ¶42.*

Co-defendant Isabel Colberg told plaintiff Sánchez she had communicated Mr. Fernando Bonilla, who seemed to be offended by what had happened, about the situation but his only action was to refer the matter to Mrs. Caroll Cabañas Ríos. *Id. ¶120.* Mr. Bonilla had brought Mrs. Cabañas Ríos to the Department of State from another government office to oversee matters at the Department of State. *Id. ¶121.* Plaintiff

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 18

Sánchez wrote a letter to Fernando Bonilla at the Department of State explaining the situation to no avail since Bonilla never responded nor solved the situation. *Amended Complaint ¶124.* The above events described the extent of Mr. Fernando Bonilla's participation in the discriminatory acts claimed by plaintiff Sánchez.

Thus, insofar as Mr. Fernando Bonilla, the Amended Complaint does not establish what actions can impose supervisory liability for a Section 1983 claim.[16]  There must be some affirmative link between the behavior of a subordinate and the action or inaction of a defendant official as proof the supervisor's conduct led inexorably to the constitutional violation claimed herein, a discriminatory animus towards plaintiff. Sánchez v. Alvarado, 101 F.3d 223 (1st Cir. 1996) (actions attributed to a coworker's misconduct requires for supervisory liability to be imposed under Section 1983, some deliberate, reckless or callous indifference).

In view of the foregoing, it is recommended that co-defendants Fernando Bonilla, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Caroll Cabañas Rios and Isabel Colberg, in their personal capacity, be considered entitled to qualified immunity.

**2.  Pendent State Claims.**

Defendants submit the state law claims are hindered by Pennhurst as to which the federal judiciary is barred from ordering state officials to conform their conduct to state law. *See* Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900

---

[16]  Supervisory liability under Section 1983 cannot be predicated on the doctrine of *respondeat superior.*  8 Gutierrez-Rodriguez v. Cartagena, 82 F.2d 553, 562 (1st Cir. 1989).

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 19

(1984) (Eleventh Amendment prohibits federal district court from ordering state officials to conform their conduct to state law with respect to conditions of confinement at institution, since state was real, substantial party in interest).

Although defendants argue this federal court lacks jurisdiction under Pennhurst, the fact is the Amended Complaint submits pendent state claims under the Puerto Rico anti-discrimination statutes, that is, Law 100 of June 30, 1959, 29 L.P.R.A. §146, *et seq.*, which prohibits discrimination, as well as under the Puerto Rico Constitution, Articles II §1, its bill of rights, and Article 1802 of the Puerto Rico Civil Code, for damages as provided in 31 L.P.R.A. §5141. Federal courts have jurisdiction over state law claims as claims properly pendent to the substantial federal claims. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966). After all, Pennhurst was rather concerned on pendent state claims against state officials in their official capacity and when the relief sought and ordered would had an impact directly on the State itself. *Id.*, 465 U.S. at 117, 104 S.Ct. at 917.

However, as to limitations imposed on defendants if in their official capacity for having violated state law, it is also evident that any claims against defendants in their official capacity is a claim against the sovereign which is hindered by the Eleventh Amendment, and as such, it was already discussed above. Having no waiver of immunity as to the claims raised by plaintiff Sánchez, state law claims are also hindered under the Eleventh Amendment for appearing co-defendants in their official capacity.[17]

---

[17] Even a waiver of sovereign immunity under the federal statute for the Americans with Disabilities Act (ADA) was not considered a waiver as to pendent state law under Puerto Rico law. Torres v. Puerto Rico Tourism Co., 175 F.3d 1 (1st Cir. 1999) (ADA explicit statutory provision abrogating Eleventh Amendment immunity does not defeat entitlement to Eleventh .

Defendants did not, however, properly discuss entitlement to Eleventh Amendment or qualified immunity as to pendent state law claims for the co-defendants in their individual capacity.  A state law claim pendent to a federal claim that survives Eleventh Amendment must itself be subjected to Eleventh Amendment scrutiny since it is no bar to state claims against state officials in their personal capacities.  Plaintiff needs to establish if such claims were abrogated by the Eleventh Amendment or if a waiver thereof is present. Such immunity may be raised at any time in the proceedings, including for the first time on appeal.  Since there are surviving federal claims in this action, we have no inclination at this juncture to grant Eleventh Amendment as to state claims as to which defendants in their personal capacity have not provided sufficient legal arguments. *See* Torres v. Puerto Rico Tourism Co., 175 F.3d at 1.[18]

Furthermore, this Magistrate Judge will not attempt to *sua sponte* make a determination of Eleventh Amendment regarding pendent state law claims, under either Article 1802 of the Puerto Rico Civil Code or the anti-discrimination statute of Law No. 100, as to co-defendants in their personal capacity.

## CONCLUSION

In view of the foregoing, it is recommended that the defendants' Motion to Dismiss be **GRANTED in part and DENIED in part**, as follows:

Dismissal is considered appropriate and should **be GRANTED** as to:

---

[18]   Officials sued in their individual capacity for acts outside their official duties are not generally entitled to Eleventh Amendment immunity. Alden v. Maine, 527 U.S. 706, 757, 119 S.Ct. 2240 (1999).  Parella v. Retirement Board of the Rhode Island Employees' Retirement System, 173 F.3d 46 (1st Cir. 1999) (courts should avoid unnecessarily reaching Eleventh Amendment issues because doing so can squander scarce judicial resources and force defendants to expend resources litigating Eleventh Amendment issues when not necessary to resolve the case.)

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 21

1.   All claims against the Board of Real Estate Brokers, Salespersons and Companies.

2.   Co-defendants Fernando Bonilla, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Caroll Cabañas Rios, Isabel Colberg, Carmen Carreras and Juan R. Caraballo Irigoyen in their official capacity for monetary damages;

3.   As to co-defendants Fernando Bonilla, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Caroll Cabañas Rios, Isabel Colberg, in their personal capacity, for claims under Section 1983 for being entitled to qualified immunity.

Dismissal requested by defendants should **be DENIED** as to:

1.   Co-defendants Carmen A. Carreras and Mr. Juan R. Caraballo Irigoyen, in their personal capacity, for Section 1983 claims and as to all pendent state law raised in the Amended Complaint;

2.   Co-defendants Fernando Bonilla, Freddy Vélez Serrano, Víctor Figueroa López, Pablo J. Claudio Pagán, Katherine Figueroa, Caroll Cabañas Rios, Isabel Colberg, Carmen Carreras and Juan R. Caraballo Irigoyen in their official capacity, should survive the request for dismissal as to prospective injunctive relief;

3.   Pendent state claims for defendants in their personal capacity.

IT IS SO RECOMMENDED.

Guy Sánchez v. Fernando Bonilla, et al
Civil No. 08-2104 (JAG)
Report and Recommendation
Page No. 22

The parties have ten (10) days to file any objections to this report and recommendation.  Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).  *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 22nd day of May of  2009.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**